UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH BUKOVICH and
JANE BUKOVICH
W2182 River Road
Watertown, WI 53094,

                                        Plaintiff,                  Case No.: 3:23-CV-610

v.

HUMANA WISCONSIN HEALTH
ORGANIZATION INSURANCE CORPORATION
c/o Registered Agent Corporation Service Company
33 E. Main Street, Suite 610
Madison, WI 53703,

                                        Defendant.

---

### COMPLAINT

---

NOW COME the Plaintiffs Joseph and Jane Bukovich, by their attorneys, Wallace Law, Inc., and allege as follows:

### THE PARTIES

1. Plaintiffs Joseph and Jane Bukovich (hereinafter "Bukovichs") are married adult residents of the State of Wisconsin residing at W2182 River Road, Watertown, WI 53094.

2. Defendant Humana Wisconsin Health Organization Insurance Corporation (hereinafter "Humana") is a domestic health insurance company licensed to do business in the State of Wisconsin with its principal office located at N19W24133 Riverwood Drive, Suite 300, Waukesha, WI 53188 and has a registered

1

agent for service of process listed as Corporation Service Company, 33 E. Main Street, Suite 610, Madison, WI 53703.

3. The Bukovichs are and were at all relevant times participants in a Humana Health Plan through Mr. Bukovich's employer; (hereinafter "the Plan"), which provides coverage for medical expenses consistent with the terms, conditions and law.

## JURISDICTION & VENUE

4. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, conferring jurisdiction upon this Court over all civil actions arising out of the laws of the United States. This controversy arises under 29 U.S.C. § 1001 *et seq.* ("ERISA").

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the underlying claim for health insurance benefits giving rise to this action occurred in Jefferson County, Wisconsin.

## GENERAL ALLEGATIONS

6. On January 15, 2023, Mrs. Bukovich was evaluated in the emergency department at ProHealth Oconomowoc Memorial Hospital for severe abdominal pain, discolored urine, a fever, and chills.

7. Mrs. Bukovich was seen by Doctor Chukwuma Ugwu in the emergency department.

8. Lab work and an evaluation of her symptoms in the emergency department revealed significant hyperbilirubinemia, and a CT of her abdomen and pelvis showed a fatty infiltration of her liver.

9. Doctor Ugwu believed Mrs. Bukovich was suffering from cholangitis and early stages of sepsis, amongst other possibilities.

10. Based on the severity of Mrs. Bukovich's symptoms, vitals, and lab work, Doctor Ugwu felt it best that she be admitted immediately for further testing and treatment.

11. Mrs. Bukovich was admitted to ProHealth Oconomowoc Memorial Hospital from January 15, 2023, until January 17, 2023, when her treating physicians determined it was safe for her to be discharged and return home.

12. On January 18, 2023, Humana sent a denial letter to the Bukovich's, denying coverage for Mrs. Bukovich's treatment and stay at ProHealth Oconomowoc Memorial Hospital from January 15, 2023, to January 17, 2023, asserting that her stay was not medically necessary.

13. Following this denial, Mrs. Bukovich wrote an appeal letter to Humana which included the below letter written by Doctor Ugwu:



14.     Unfortunately, Mrs. Bukovich later received another denial, again stating that her hospital stay was not medically necessary.

15.     We have attempted to make a reasonable effort to resolve this matter with Humana prior to filing this lawsuit, to no avail.

### FIRST CAUSE OF ACTION – WRONGFUL DENIAL OF BENEFITS

16.     Plaintiffs have substantially complied with all terms and conditions of the Plan.

17.     The Plan is an employee benefit plan governed by ERISA. See 29 U.S.C. § 1002(3).

18. The Plan provides coverage for Plaintiff's above-mentioned medical bills.

19. By virtue of the terms of the Plan, and in accordance with the Plan's terms, conditions and law, Humana is obligated to cover Mrs. Bukovich's medical bills.

20. Pursuant to 29 U.S.C. § 1132(a)(I)(B), a civil action may be brought to recover benefits due and owing under the terms of an ERISA plan, such as the one at issue in this matter.

21. The denial of insurance benefits for medically necessary and recommended treatment is arbitrary and capricious based upon the language in the Plan.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. For compensatory damages, including prejudgment interest, arising out of Humana's wrongful denial of benefits;
B. For litigation and investigation costs, including attorney fees; and
C. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

### PLAINTIFFS DEMAND A TRIAL BY JURY OF 12 PERSONS

Dated this 5th day of September, 2023.

By: *s/ Justin F. Wallace*
Justin F. Wallace
State Bar No.: 1069331
Attorneys for Plaintiffs Joseph & Jane Bukovich
WALLACE LAW, INC.
1414 N. Taylor Drive, Suite 200
Sheboygan, WI 53081
Telephone: (920) 276-8320
justin@wallaceinsurancelaw.com